IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MICHAEL DEVELL SMITH, #09072-043**　　　　　　　　　　　　　　　　**PLAINTIFF**

**VERSUS**　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:10-cv-38-DPJ-FKB**

**THE JACKSON POLICE DEPARTMENT, et al.**　　　　　　　　　　　**DEFENDANTS**

ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff is an inmate of the Bureau of Prisons (BOP), currently incarcerated in the Federal Correctional Complex, Yazoo City, Mississippi, who has filed an *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  Upon review of the entire Court record, the Court has reached the following conclusions.

**I.  Background**

Plaintiff states that on July 5, 2006, the Defendants illegally seized and withheld his property during a search of his home.  Compl. [1] at 7.  Plaintiff states he was subsequently convicted of being a felon in possession of a firearm and sentenced to sixty months in the custody of the BOP.  *Id*. at 5-6.  Plaintiff argues that but for the illegal search no conviction would have occurred nor would his property have been seized.  *Id*. at 6.  The Court entered an order [6] on April 2, 2010, directing Plaintiff to file a written response to provide additional information regarding the claims presented in his complaint, specifically the allegations of assault.  Plaintiff filed a response [18] to this order [6] on May 18, 2010, stating that he had been assaulted by another inmate as a result of incorrect information regarding a pending rape charge.  Resp. [18] at 2.  Plaintiff states that the rape charge was dismissed in state court prior to his

federal conviction.  Resp. [21] at 2.  As relief, Plaintiff is requesting return of certain property taken during his arrest, reversal of his conviction, and monetary damages.  Compl. [1] at 5.

**II.  Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to this case.  For the following reasons, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983.

    A.  Habeas relief

Initially, this Court must decide whether Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dep't of Crim. Just. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)). The Court finds that Plaintiff's request for his conviction to be overturned is not available under  § 1983.  Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).  If Plaintiff proves his conviction and sentence are illegal, and this Court grants the requested relief, it could result in an early release from incarceration.

Thus, Plaintiff must first pursue this cause by filing a petition for habeas corpus relief. Plaintiff's request to have his conviction overturned is not properly before this Court and will be dismissed.

    B.  Monetary damages

To the extent Plaintiff seeks monetary damages, the claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages, which essentially challenges Plaintiff's conviction or imprisonment, is cognizable under § 1983. The Court found that it is not:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by the Defendants' alleged actions, it would necessarily imply the invalidity of his conviction and sentence. Thus, Plaintiff's claims for monetary damages are currently barred by *Heck v. Humphrey*.

In addition, Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 487.[1]  Unlike in *Heck*, Plaintiff is a federal prisoner "whose habeas remedies lie, not under 28 U.S.C. § 2254, but 28 U.S.C. § 2255." *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994).  But the Fifth Circuit has held that "for purposes of a civil rights action implicating the validity of a conviction, there should be no distinction between state and federal prisoners." *Id*.  (citing *Spina v. Aaron*, 821 F.2d 1126, 1127-29 (5th Cir. 1982).  So, Plaintiff's claims for monetary damages are currently barred by *Heck v. Humphrey* and will be dismissed.

C.  Property deprivation

Plaintiff's claims related to property taken in July 2006 are barred by the statute of limitations.  There is no federal statute of limitations for civil rights actions.  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983).  So this Court must borrow and apply the general personal injury limitations period for Mississippi.  *See id.*  The applicable Mississippi statute of limitations period is three years.  *See Gates v. Walker*, 865 F. Supp. 1222, 1230 n.12 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995); *see also* Miss. Code Ann. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Thus, an action accrues when a plaintiff has "a complete and present cause of action." *Id*.  As noted by the Fifth Circuit:

---

[1] In response [18] to this Court's order [6], Plaintiff states that his conviction has not been invalidated, reversed or expunged.  Resp. [18] at 2.

4

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; he need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski*, supra).

Plaintiff complains that his property was taken during his arrest in July 2006. Even construing his allegations liberally, Plaintiff was aware of his injury and the connection between the Defendant's alleged conduct in July 2006. *See Piotrowski*, 237 F.3d at 576. The limitations period expired in July 2009, rendering his claims untimely. Claims barred by applicable statutes of limitations are properly dismissed as legally frivolous under § 1915. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

D. Assault claims

Lastly, Plaintiff alleges that BOP inmate Anthony Davis assaulted him in September 2009. Resp. [18] at 2. In order to state a viable § 1983 claim, Plaintiff must allege that he was deprived of a right "secured by the Constitution and the laws" of the United States and that the person depriving Plaintiff of this right acted under color of state law. *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988).

First, Plaintiff cannot maintain this action against Davis, a fellow inmate, as he was not acting under color of state law.  Second, Plaintiff fails to identify any defendant acting under color of state law with respect to the alleged assault.

Plaintiff generally averred that Davis assaulted him as a result of "the [D]efendants actions."  Resp. [21] at 2.  Read liberally, the contention suggests that Defendants failed to protect Plaintiff from Davis.  "To prevail on a section 1983 failure to protect claim, the prisoner must demonstrate that . . . 'prison officials were deliberately indifferent to his need for protection.'"  *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (citing *Newton v. Black*, 122 F.3d 301, 308 (5th Cir. 1998)).  The named Defendants were officers allegedly involved in Plaintiff's July 2006 arrest.  Compl. [1] at 7.  Plaintiff alleges that he was assaulted over three years later in September 2009 at the Federal Correctional Complex - Yazoo.  Resp. [24] at 1.  In response [21] to a Court order [20] to clarify this claim, Plaintiff conceded that none of the named defendants were responsible for the alleged assault, and he refused to identify any additional defendants.  Accordingly, Plaintiff's claim related to the 2009 assault must be dismissed without prejudice to his right to bring a new suit naming the proper defendants.

## III.  Conclusion

As stated, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 at this time.  To the extent Plaintiff seeks monetary damages, Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.  *See Johnson v. McElveen*, 1010 F. 3d 423, 424 (5th Cir. 1996) (holding claims barred by *Heck* are properly dismissed with prejudice "until the Heck conditions are met").  Plaintiff's claims regarding property deprivation are dismissed with prejudice for failure to state a claim for which relief may be granted.  And to

the extent Plaintiff is requesting release from custody, his claims are not properly pursued in a § 1983 action.  Thus, any habeas corpus claims Plaintiff may be asserting in this complaint are dismissed without prejudice.  Lastly, Plaintiff's claims relating to his assault are dismissed without prejudice.

Since this case will be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), it will be counted as a "strike."  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

All pending motions are hereby terminated.  A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 5th day of October, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE